NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| EDDIE MALONEY, | No. 25-2213 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 3:23-cv-08632-SMB |
| UNITED STATES OFFICE OF NAVAJO AND HOPI INDIAN RELOCATION, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan M. Brnovich, District Judge, Presiding

Argued and Submitted April 15, 2026
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Plaintiff Eddie Maloney, who is Navajo, appeals a summary judgment

entered in favor of the U.S. Office of Navajo and Hopi Indian Relocation

("ONHIR") on Plaintiff's Administrative Procedure Act claim challenging the

denial of his application for relocation benefits under the Navajo-Hopi Land

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Settlement Act of 1974, Pub. L. No. 93–531, 88 Stat. 1712 (the "Act"). The Act provided for the division of certain reservation land, known as the Joint Use Area, into Hopi Partitioned Lands and Navajo Partitioned Lands. Fuson v. Off. of Navajo & Hopi Indian Relocation, 134 F.4th 1010, 1013–14 (9th Cir. 2025). To qualify for relocation benefits, "the head of household and/or immediate family must have been residents on December 22, 1974, of an area partitioned to the Tribe of which they were not members." 25 C.F.R. § 700.147(a).[1] We review the summary judgment de novo. Fuson, 134 F.4th at 1015. We set aside ONHIR's decision if it is "arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence." Bedoni v. Navajo-Hopi Indian Relocation Comm'n, 878 F.2d 1119, 1122 (9th Cir. 1989).[2] We reverse and remand for payment of benefits.

---

[1] The parties stipulate that Plaintiff became a head of household in April 1972, so Plaintiff meets the head-of-household requirement.

[2] The Government is admonished to refrain from citing the "substantial evidence" standard as described in INS v. Elias-Zacarias, 502 U.S. 478 (1992), and other immigration decisions, in non-immigration cases such as this Administrative Procedure Act appeal. Those immigration decisions do not apply here. Cf. Ahearn v. Saul, 988 F.3d 1111, 1114–15 (9th Cir. 2021) (explaining that Elias-Zacarias "does not describe the standard of review in [a social security] case"). Compare 5 U.S.C. § 706(2)(E) (providing that, under the Administrative Procedure Act, a reviewing court shall set aside agency action that is "unsupported by substantial evidence"), and 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."), with 8 U.S.C. § 1252(b)(4)(B) (providing that, for orders of removal,

1.  Substantial evidence does not support the hearing officer's adverse credibility determination for Darrell Woody. Woody's "young age at the time of the events" is not "a legitimate basis" for an adverse credibility finding. Fuson, 134 F.4th at 1017 & n.4. The hearing officer also found that Woody's testimony was "too indefinite" to be credible, but Woody provided detailed testimony, stating that he lived across the canyon from Plaintiff at Black Mesa and that Plaintiff almost always drove Woody home to Black Mesa from the boarding school where he was a student in 1974 and 1975. See id. at 1016 (holding that the hearing officer must "point[] to substantial evidence on the record" supporting an adverse credibility determination (emphasis and citation omitted)).

2.  The hearing officer legally erred by treating the Bureau of Indian Affairs' ("BIA") enumeration, conducted in 1974 and 1975 and sometimes referred to as the Joint Use Area Roster, as creating a presumption that Plaintiff did not reside on Hopi Partitioned Lands. The enumeration does not create a presumption of non-residence. See Fuson, 134 F.4th at 1018 (reversing an ONHIR decision that relied "almost exclusively on the BIA enumeration," where other evidence undermined the enumeration's reliability); see also Barton v. Off. of Navajo & Hopi Indian Relocation, 125 F.4th 978, 982 (9th Cir. 2025) ("[D]etermining an applicant's

_____

"administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

25-2213

residence 'requires an examination of the person's intent to reside combined with manifestations of that intent.'" (quoting 49 Fed. Reg. 22277-01, 22277 (May 29, 1984))); 49 Fed. Reg. at 22278 (listing many factors, including the enumeration, that bear on residence).

Here, an ONHIR employee testified that it is common for applicants who were not enumerated to receive relocation benefits. And there was reason to doubt the enumeration's reliability, both in general and with respect to Plaintiff. Plaintiff testified that he lived at two homesites during different times of the year—a common practice among the Navajo at that time. As we explained in Fuson, if a family's residence varied seasonally, the enumeration "did not always accurately report where a family spent their time." 134 F.4th at 1015. Moreover, as the hearing officer acknowledged, the enumeration was not intended to determine eligibility for benefits; rather, it was conducted to support mediation to partition the Joint Use Area. ONHIR uses the enumeration as "part of the information for its eligibility certification program." Navajo and Hopi Indian Relocation Commission, Report and Plan at 71 (April 3, 1981) (emphasis added). But the enumeration proved "inadequate" to satisfy ONHIR's statutory mandate to create a list of members of one Tribe who resided on land partitioned to the other Tribe. Id. at 67.

3.  Substantial evidence does not support the hearing officer's finding that Plaintiff resided only at Cow Springs, on Navajo Partitioned Lands, on December 22, 1974.  Rather, the record clearly reflects that, at that time, Plaintiff resided both at Cow Springs and at Black Mesa, on Hopi Partitioned Lands.  As the hearing officer found, Plaintiff's "family regarded the two areas . . . as a traditional use area," using Black Mesa in the winter and Cow Springs in the summer.  And Plaintiff's testimony—which the hearing officer credited—reflects that he, too, made traditional use of Black Mesa.  Plaintiff spent weekdays at the boarding school where he worked, but he returned to Black Mesa on weekends and on school breaks during the winter.  Plaintiff owned sheep that were kept at Black Mesa in the winter, and he helped his mother care for them.  See 49 Fed. Reg. at 22278 (listing "[o]wnership of livestock" as a factor that reflects an intent to reside).  He also hauled water to Black Mesa and helped his family buy food and other needs for the winter.  See Barton, 125 F.4th at 983 (noting that the plaintiff reflected intent to reside where he testified that he "did chores, hauled wood, and fed the animals").  And Woody's testimony, discussed above, supports Plaintiff's residence at Black Mesa.

For the reasons explained above, the enumeration is not dispositive evidence of where Plaintiff spent his time.  And Plaintiff's application for benefits reflects that he resided both at Cow Springs and on Hopi lands in December 1974.

25-2213

4.  We exercise our discretion to remand for payment of benefits.  In cases under the Administrative Procedure Act, we ordinarily remand to the agency for further proceedings.  See Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").  But remand for payment of benefits is appropriate here because it is clear from the record that Plaintiff is entitled to benefits and because his request for benefits has been pending for many years.  Cf. Trevizo v. Berryhill, 871 F.3d 664, 682–83 (9th Cir. 2017) (discussing the conditions for remand for payment of social security benefits).

**REVERSED and REMANDED to the district court with instructions to direct ONHIR to grant benefits.**